THOMAS CRYSTAL *v.* MICHAEL FLANNELLY and others, Executors of THOMAS LARKIN, deceased.

Where the contracting owner dies before the filing of a notice to create a lien, under the act of 1851, "for the better security of mechanics and others," no lien can be acquired against a subsequent owner, upon a claim arising upon a contract with the deceased owner.

A proceeding to foreclose a lien, under the mechanics' lien law of 1851, cannot be maintained against executors, as such, who have not become vested with any title to the property whereon the lien exists.

Otherwise, *it seems,* in case the testator has devised his real estate to his executors.

GENERAL TERM, JUNE, 1855.

APPEAL, by the defendants, from a judgment rendered against them, in proceedings under the "act for the better security of mechanics and others," passed July 11, 1851.

From the 10th of June to the 8th of July, 1854, the plaintiff, under the employment of Thomas Larkin, performed labor upon buildings owned and in course of erection by the latter, in the city of New York. Larkin was also the owner, in fee, of the land on which the building stood.

On the 14th of July, in the same year, the owner died, leaving a will wherein the defendants were appointed executors. The will was admitted to probate, and on the 7th of August, 1854, letters testamentary were granted to them. It did not appear that a devise of any interest in his real estate had been made by the testator to his executors.

On the 1st of September ensuing, the plaintiff, for the purpose of affecting a lien upon the premises for the value of his labor, filed with the county clerk a written notice, pursuant to the sixth section of the statute, specifying the amount of his claim, the name of the deceased owner, and the names of the executors.

On the following day, September second, the plaintiff served upon the defendants a notice, under the fourth section, directed to them as the executors of Thomas Larkin, and requiring them to appear in the Sixth District Court, in person or by attorney, on the twenty-second of September then instant, at nine A. M., and submit to an accounting and settlement of the claim, whereof a bill of particulars was at the same time delivered to them.

All the parties having appeared in the court below, and issues having been joined, a trial proceeded on an adjourned day, and resulted in a judgment in favor of the plaintiff.

*Alexander H. Wallis,* for the executors, (defendants,) made and argued the following points:

I. The complaint in the court below is for money had and received by the defendants, to and for the use of the plaintiff, and for work and labor under the lien law.

Crystal *v.* Flannelly.

There is no evidence whatever to show that the defendants ever had, or received, any money to or for the use of the plaintiff, or that any assets of Moses Larkin ever came into their hands; and besides, no such complaint could be sustained, as the defendants were not in court to answer in an *action*, but a special *statutory proceeding*, and no recovery can be had for money had and received except in an action commenced by summons.

The complaint is insufficient to entitle the plaintiff to proceed under the lien law. It should have stated the performance of the preliminaries to entitle the plaintiff to a lien and to give the court jurisdiction, and cannot be made general. The court has no jurisdiction except under the special statute ; and strict conformity to the statute must be alleged in the complaint. (*Cronkright* v. *Thomson*, 1 E. D. Smith's Rep. 662.)

II. There is no evidence to show that the defendants ever were the owners of the property mentioned and described in the notice of lien, or ever had any right, title or interest therein ; and no judgment could be had against them.

The work was done for the defendant's testator, and at his request. The will of Larkin is not in evidence ; and it does not appear that under the will the defendants take any interest or estate in his real estate.

As executors, they only administer the personal estate, and have nothing to do with the real estate whatever, except only to petition for its sale to pay debts in cases of insufficiency of personal property.

The real estate descended to the heirs at law, and if a lien can be filed at all after the death of the owner, it can only be filed against the person taking the land, or some right, title or interest therein.

III. There is no evidence that the plaintiff ever did or performed any work or labor, or furnished any materials for or in pursuance of any contract with the defendants. The evidence is, that the work and labor was done for Moses Larkin. No lien could be filed against the defendants, and they cannot be brought into court unless the work was done

for them, or at their request. There is no evidence whatever to entitle the plaintiff to a judgment against the defendants, or to sustain the complaint herein.

IV. The judgment against the defendants (if any) should have been for a sale of their right, title and interest in the property, and no such judgment could have been given, because it did not appear that they *had* any right, title or interest. The judgment is against the defendants personally, and as given an execution could issue against their property and effects wherever found. It is, therefore, erroneous. (*Doughty* v. *Devlin*, 1 E. D. Smith's Rep. 625.)

V. The court below had no jurisdiction of the matter, it being against executors. (Code of Procedure, sec. 54, subd. 5.)

*James B. Sheys*, for the claimant, made the following argument:

Upon coming to trial, it was admitted, in writing, by counsel for all the parties, among other things, 1st. That the work had been done for Moses Larkin, who was the owner. 2d. That the defendants were his executors, and had received notice of lien and a bill of particulars. 3d. That notice of lien had been filed. No want of assets by the appellants was alleged, by answer or otherwise; but the only defence before the justice was, that the defendants, as executors, could not be *sued* in a justice's court.

The notice of lien and bill of particulars were filed in the usual way with the justice, as a complaint in the proceeding, and the parties proceeded to the hearing or accounting.

The amount, nature and value of the work were proved, together with the ownership of Moses Larkin, without any objection of the appellants' counsel, who introduced no testimony, but relied solely upon his answer, that they could not be *sued* before a justice.

The statement endorsed upon the lien, notice and bill of particulars, that the action was for money had and received,

may be treated as surplusage, and the residue of the plaintiff's proceedings will appear consistent with the requirements or meaning of the statute.

The contract for work being made with Moses Larkin directly, without the intervention of a "contractor," and the defendants being his legal representatives, the plaintiff had a right to foreclose a lien against them. Holders of mortgages may proceed to foreclose against executors without making heirs parties; and although the lien of a mortgage accrues from its terms, and a lien for work arises upon a special statute, yet the analogy consists in the fact that in neither case are executors parties to the respective agreements from which they emanate.

The executors represent the deceased in the settling up all his matters of business. They have possession of his books and vouchers; and when called upon to account under the mechanics' lien law, it is fair to assume, that if the claim has been paid, they have the means to establish that fact, and thus avoid a judgment.

But it is claimed that executors cannot be *sued* in a justice's court. In reply to this proposition, it is submitted that a proceeding to foreclose under the "lien law," is not such a *suit* or *action* as the "Code" prohibits a justice from hearing. A party has a small demand for work done and performed for the testator in his lifetime, for which a special statute gives him a lien on the real property of the testator by his adopting a certain course. He gives *notice* of lien to the county clerk, and serves *notice*, with a bill of particulars, upon the executors to come into *any* court he pleases to account, &c.

An *action* or *suit* is commenced by summons, which must be served by a constable or special deputy. A *proceeding* to foreclose a lien is commenced by a *notice*, which may be filed and served by *any* person.

The two modes of redress are dissimilar, *ab initio*, and it could not have been the intention of the law-making power to compel a party to resort to the delays incident to a court

of record in the small amounts generally making lien claims, when a speedier and cheaper mode was attainable.

The intention of the mechanics' lien law manifestly is, that in the event of a claimant establishing, by fair proof, his right to recover, judgment in his favor shall be rendered; and so much of the property of the person for whom the work was done, as owner, as may be necessary to satisfy such judgment, shall be sold under execution. If the owner dies before judgment, after the completion of the work, the executors represent his *estate*, and they are the proper persons on whom to serve the notice of lien, with which the foreclosure is commenced.

If the proceeding to foreclose a lien is the best and most beneficial means of recovering a debt, why should a party be precluded from enforcing it against *property* when the owner is dead? And if he may *sue* executors in a court of record by *summons*, as is, by fair implication, admitted in the appellants' argument, he surely may proceed by *notice* before a district justice's court.

Heirs are not in a better position to account or prove a claim settled or paid, than executors who have charge of the books and vouchers of the deceased.

The written admissions of the appellants' counsel show that the *preliminaries* referred to by him as necessary to be established were settled between the parties before the trial. The additional facts to justify judgment were proved during the trial.

By the Court. Ingraham, First J.—This action was brought to foreclose a lien, under the mechanics' lien law, for work done on certain buildings belonging to the testator.

There are several questions raised in the case, in regard to the form of the proceeding, which it is unnecessary to discuss, as the case must be disposed of on more general grounds.

The action is against the executors of the owner. The lien

Crystal *v.* Flannelly.

created by the proceedings attaches to the extent of the interest of the owner, and does not create a personal claim against such owner. No action, therefore, can be maintained against the executors for a personal claim arising thereon.

There may be cases where such a proceeding can be instituted against executors, such, for instance, as that of a devise by the testator of his real estate to his executors; but, without title to the property of the testator on which the lien exists, no such proceeding can be maintained against the executors of the deceased owner. In the present case the will is not proven, and there is no evidence to show that the executors have any interest in the land, by devise or otherwise. The plaintiff's case against them was not, therefore, made out, and the complaint should have been dismissed.

There is also another objection to the plaintiff's recovery. Larkin, the owner, died 14th July, 1854. The notice to create the lien was filed on 2d September, 1854, and was neither filed nor served upon the owner, at any time before his death. The lien law provides for filing the notice, and gives a lien to the extent of the right, title and interest of the owner at the time of filing the lien. Such lien can only be created by virtue of a contract made with such owner. If no lien has been created prior to the death of the owner, and the title has passed to another, whether by purchase, devise or otherwise, no lien can be acquired against such subsequent owner, by proceedings founded on claims arising under a contract with the deceased owner.

*Judgment reversed.*